United States District Court
Southern District of Texas
**ENTERED**
September 30, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| NANCY A.,[1]<br>Petitioner,<br><br>v.<br><br>WARDEN, EL VALLE DETENTION CENTER,<br>Respondents. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 1:26-cv-334 |

**REPORT AND RECOMMENDATION**
**TO DENY PETITIONER'S HABEAS PETITION**

Before the Court is Petitioner's Writ of Habeas Corpus under 28 U.S.C. § 2241 (Dkt. No. 1), Respondents' "Motion for Summary Judgment and Response to Petitioners Petition for Writ of Habeas Corpus" (Dkt. No. 17), and Petitioner's "Motion to Expedite Consideration of Petition for Writ of Habeas Corpus" (Dkt. No. 23). For the following reasons, it is recommended the Court deny the Petition.

Petitioner is a citizen of Camerron, currently detained by Immigration and Customs Enforcement at the El Valle Detention Center in Cameron County, Texas. Dkt. No. 1 at 1; Dkt. No. 17 at 2. Petitioner entered the United States on or about June 27, 2025, and has been in custody by immigration authorities since then. Dkt. No. 1 at 2; Dkt. No. 17 at 2. On November 18, 2025, an Immigration Judge ("IJ") denied Petitioner's applications for Asylum and Withholding of Removal under the Convention Against Torture. Dkt. No. 18-2. Petitioner filed a timely appeal of the IJ's decision with the Board of Immigration Appeals ("BIA"). Dkt. No. 1 at 5–6; Dkt. No. 18-3. That appeal remains pending. *See* EOIR Automated Case Information, EXECUTIVE OFFICE OF IMMIGRATION REVIEW, https://acis.eoir.justice.gov/en (last visited on September 25, 2026).

[1] Due to significant privacy concerns in immigration cases and noting that judicial opinions are not subject to Federal Rule of Civil Procedure 5.2, any opinion, order, judgment, or other disposition in this case will refer to the petitioner only by first name and last initial.

Petitioner challenges her current detention by immigration authorities as a violation of the Due Process Clause of the Fifth Amendment, arguing that the Government is constitutionally required to justify continued detention through constitutionally adequate procedures, such as an individualized bond hearing. Dkt. No. 22 at 4. Petitioner further argues that *Demore v. Kim*, 538 U.S. 510 (2023) is not dispositive, as *Demore* involves detention under § 1226(c) and does not involve excessively long detention without an individualized custody hearing. *Id.* at 6. Respondents argue both that Petitioner is subject to mandatory detention and that Petitioner's detention does not violate due process. *See generally* Dkt. No. 17.

First, the Court notes that Petitioner is detainable under 8 U.S.C. § 1225(b)(2), *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498 (5th Cir. 2026). Second, Petitioner's challenge to her detention while immigration proceedings are pending fails, because detention "during removal proceedings," even where such detention is without a bond hearing, is generally a "constitutionally permissible part of that process." *Demore v. Kim*, 538 U.S. 510, 531 (2003). The Fifth Circuit Court of Appeals has concluded that mandatory detention without individualized custody review under § 1225(b)(2) is permissible, and this Court has found that Petitioner's due process claim fails.

It is therefore recommended that the Court:

(1) **DENY** the Petition (Dkt. No. 1),

(2) **DENY AS MOOT** Respondents' Motion for Summary Judgment (Dkt. No. 17),

(3) **DENY AS MOOT** Petitioner's "Motion to Expedite Consideration of Petition for Writ of Habeas Corpus" (Dkt. No. 23)

(4) **DIRECT** the Clerk of Court to close the case.

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with the United States District Judge assigned to the instant case. 28 U.S.C. § 636(b)(1). When filing an objection, a party must object to specific facts or legal findings in this Report and Recommendation. The District Judge is not required to consider frivolous, conclusive, or general objections. *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir.

1987).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a de novo review of the record before adopting these findings. If the District Judge chooses to adopt such findings without conducting a de novo review of the record, the parties may not attack those findings on appeal, except on the grounds of plain error. *Alexander v. Verizon Wireless Servs., L.L.C.*, 875 F.3d 243, 248 (5th Cir. 2017).

Signed on September 30, 2026.

Karen Betancourt

Karen Betancourt
United States Magistrate Judge